# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES REINHARDT,<br><br>Plaintiff,<br><br>v.<br><br>LAKELAND BANCORP, INC., THOMAS J. SHARA, MARY ANN DEACON, BRUCE D. BOHUNY, BRIAN FLYNN, MARK J. FREDERICKS, BRIAN GRAGNOLATI, JAMES E. HANSON II, JANETH C. HENDERSHOT, LAWRENCE R. INSERRA, JR., ROBERT E. MCCRACKEN, ROBERT NICHOLSON, III, and ROBERT F. MANGANO,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Charles Reinhardt ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is a stockholder action brought by Plaintiff against Lakeland Bancorp, Inc. ("Lakeland" or the "Company") and the members of Lakeland's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection

with the Board's attempt to sell Lakeland to Provident Financial Services, Inc. ("Provident") (the "Proposed Transaction").

2. On September 26, 2022, Lakeland entered into an Agreement and Plan of Merger with Provident and Provident's wholly owned subsidiary, NL 239 Corp. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Lakeland stockholders will receive 0.8319 of a share of Provident common stock per share of Lakeland common stock.

3. On December 22, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Lakeland stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things, the financial analyses that support the fairness opinion provided by the Company's financial advisor, Keefe, Bruyette & Woods, Inc., a Stifel Company ("KBW").

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Lakeland stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Lakeland stockholders to vote on the Proposed Transaction is currently scheduled for February 1, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Lakeland's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Lakeland's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Lakeland common stock.

10. Defendant Lakeland is a New Jersey corporation, with its principal executive offices located at 250 Oak Ridge Road, Oak Ridge, New Jersey 07438.  Lakeland's shares trade on the Nasdaq Global Select Market under the ticker symbol "LBAI."

11. Defendant Thomas J. Shara has been President, Chief Executive Officer, and a director of the Company at all relevant times.

12. Defendant Mary Ann Deacon has been Chair of the Board and a director of the Company at all relevant times.

13. Defendant Bruce D. Bohuny has been a director of the Company at all relevant times.

14. Defendant Brian Flynn has been a director of the Company at all relevant times.

15. Defendant Mark J. Fredericks has been a director of the Company at all relevant times.

16. Defendant Brian Gragnolati has been a director of the Company at all relevant times.

17. Defendant James E. Hanson II has been a director of the Company at all relevant times.

18. Defendant Janeth C. Hendershot has been a director of the Company at all relevant times.

19. Defendant Lawrence R. Inserra, Jr. has been a director of the Company at all relevant times.

20. Defendant Robert E. McCracken has been a director of the Company at all relevant times.

21. Defendant Robert Nicholson, III has been a director of the Company at all relevant times.

22. Defendant Robert F. Mangano has been a director of the Company at all relevant times.

23. Defendants identified in paragraphs 11-22 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

24. Lakeland is a financial holding company and the bank holding company for Lakeland Bank. Since 1998, Lakeland has acquired nine community banks with an aggregate asset total of approximately $4.16 billion. As of September 30, 2022, Lakeland had total consolidated assets of $10.5 billion, deposits of $8.7 billion and stockholders' equity of $1.1 billion. Lakeland Bank is a state-chartered commercial bank. As of September 30, 2022, Lakeland Bank operates 68 branch offices located throughout northern and central New Jersey and in Highland Mills, New York, and commercial lending centers located in its market area. Lakeland Bank offers a broad range of lending, depository and related financial services to individuals and small to medium-sized businesses located primarily in northern and central New Jersey, the Hudson Valley region in New York and surrounding areas.

**The Proposed Transaction**

25. On September 27, 2022, Lakeland announced that it had entered into the Proposed Transaction, stating, in relevant part:

> **Iselin and Oak Ridge, New Jersey, September 27, 2022** – Provident Financial Services, Inc. (NYSE: PFS) ("Provident"), the parent company of Provident Bank, and Lakeland Bancorp, Inc. (Nasdaq: LBAI) ("Lakeland"), the parent company of Lakeland Bank, today announced that they have entered into a definitive merger agreement pursuant to which the companies will combine in an all-stock merger, valued at approximately $1.3 billion. The merger combines two complementary banking platforms to create New Jersey's preeminent super-community bank. The combined company will have more than $25 billion in assets and $20 billion in total deposits.
>
> "We are excited to announce this transformational combination of two amazing organizations. The scale and profitability of the combined organization will enable us to invest in the future, better compete for market share, and better serve our customers and communities. We bring together a diverse group of employees who are committed to delivering exceptional service to our customers and the communities we serve," said Anthony Labozzetta, President and Chief Executive Officer of Provident. "It is particularly gratifying to embark on this journey with our colleagues on the Lakeland team and Tom Shara, whom we have held in high regard for many years."

"As two of New Jersey's most respected banks that nearly mirror each other in our shared cultures and missions to support and deliver to our customers, communities and shareholders, we are thrilled that we're combining our talented teams," said Thomas J. Shara, Lakeland's President and CEO.  "The combination of our companies will allow us to achieve substantially more for our clients, associates, communities, and shareholders than we could alone.  I have tremendous respect for Tony Labozzetta, Chris Martin, Provident's management team and associates.  We will continue to build upon and leverage our combined strengths as we focus on the future together."

Chris Martin, Executive Chairman of Provident added: "Lakeland's board of directors and executive leadership are fully aligned with Provident's vision, values and culture.  Both companies provide best in class products and services to their customers.  We are confident that this strategic combination and the resulting strong pro forma financial performance, synergies and experienced management team will deliver on our commitment to providing superior long-term shareholder returns."

**Strategic Benefits of the Merger**

**Enhances Scale and Builds Upon Complementary Strengths:** The combined company will be strategically positioned to benefit from enhanced scale and improved opportunities for growth and profitability.  While the transaction fortifies Provident and Lakeland's positions as leading players in the Tri-State commercial real estate market, Provident's two ancillary fee-based business lines in insurance and wealth management and Lakeland's growing asset-based lending and equipment lease financing provide opportunities for additional growth and relationship expansion.  Both Provident and Lakeland have extensive experience successfully integrating with merger partners, and both are intensely focused on ensuring a smooth integration.

**Creates a Bank with a Significant New Jersey Banking Presence:** The combined company will have approximately 4% of all bank deposits in New Jersey, which represents the second largest share of New Jersey bank deposits for institutions with less than $100 billion in assets.  Its enhanced branch footprint in attractive Northern and Central New Jersey and strong capital base will allow the combined company to better serve the needs of small-to-mid-sized businesses.  The combined company will further strengthen its deep commitment to and extensive skillset in commercial lending.

**Financially Compelling:** Pro forma calculations with respect to the combined company indicate 2024 GAAP earnings per share accretion of approximately 24% or 9% with and without purchase accounting interest rate marks, respectively.  The transaction is approximately 17% (3.6 year earnback) or 4% (1.7 year earnback) dilutive to tangible book value with and without purchase accounting interest rate marks, respectively. Management believes that conservative and achievable cost savings, projected to be approximately 35% of Lakeland's expense base, will drive

6

strong financial metrics, material capital generation and tangible book value per share growth. The transaction results in an internal rate of return of approximately 20%.

**Transaction Details**

Under the terms of the merger agreement, which was unanimously approved by the boards of directors of both companies, Lakeland will merge with and into Provident, with Provident as the surviving corporation, and Lakeland Bank will merge with and into Provident Bank, with Provident Bank as the surviving bank. Following the closing of the transaction, Lakeland shareholders will receive 0.8319 shares of Provident common stock for each share of Lakeland common stock they own. Upon completion of the transaction, which is subject to both Provident and Lakeland shareholder approval, Provident shareholders will own 58% and Lakeland shareholders will own 42% of the combined company.

**Name, Branding and Headquarters**

The combined company will operate under the "Provident Financial Services, Inc." name and the combined bank will operate under the "Provident Bank" name.

The administrative headquarters of the combined company will be located in Iselin, New Jersey.

The combined company will trade under the Provident ticker symbol "PFS" on the New York Stock Exchange.

**Governance and Leadership**

The combined company's board of directors will have sixteen directors, consisting of nine directors from Provident and seven directors from Lakeland.

- Christopher Martin, Provident's current Executive Chairman, will continue to serve as Executive Chairman of the combined company board of directors
- Thomas Shara Jr., Lakeland's current President, Chief Executive Officer and director, will serve as Executive Vice Chairman of the combined company board of directors
- Anthony Labozzetta, a current director of Provident, will continue to serve as a director of the combined company
- A Provident board representative will serve as the independent lead director of the combined company board of directors

The combined company will be led by a well-respected management team that is comprised of individuals with significant financial services and M&A integration experience.

- Anthony Labozzetta, Provident's current President and Chief Executive Officer, will continue to serve in that role in the combined company
- Thomas Lyons, Provident's current Senior Executive Vice President and Chief Financial Officer, will continue to serve in that role in the combined company
- The remainder of the executive team will draw from both Provident and Lakeland

**Timing and Approvals**

The merger is expected to close in the second quarter of 2023, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

**The Materially Incomplete and Misleading Proxy Statement**

26. On December 22, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Lakeland stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning the financial analyses that support the fairness opinion provided by the Company's financial advisor KBW.

*Material Misrepresentations and/or Omissions Concerning KBW's Financial Analyses*

27. The Proxy Statement fails to disclose material information concerning KBW's financial analyses.

28. With respect to KBW's *Lakeland Dividend Discount Model Analysis*, the Proxy Statement fails to disclose a quantification of: (i) Lakeland's estimated 2028 earnings; (ii) Lakeland's terminal values; and (iii) the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%.

29. With respect to KBW's *Provident Dividend Discount Model Analysis*, the Proxy Statement fails to disclose a quantification of: (i) Provident's estimated 2028 earnings; (ii)

8

Provident's terminal values; and (iii) the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%.

30. With respect to KBW's *Illustrative Pro Forma Combined Dividend Discount Model Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the implied future excess capital available for dividends that the pro forma combined company could generate over the period from March 31, 2023 through December 31, 2027; (ii) the pro forma combined entity's estimated 2028 earnings; (iii) the pro forma combined entity's terminal values; and (iv) the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%.

31. With respect to KBW's *Financial Impact Analysis*, the Proxy Statement fails to disclose a quantification of: (i) Provident's estimated tangible book value per share at closing assumed as of March 31, 2023; (ii) the accretion to Provident's estimated 2023 EPS and estimated 2024 EPS; and (iii) the dilution to Provident's estimated tangible book value per share at closing assumed as of March 31, 2023.

32. With respect to KBW's *Lakeland Selected Companies Analysis*, *Provident Selected Companies Analysis*, and *Selected Transactions Analysis*, the Proxy Statement fails to disclose the individual financial metrics for each of the companies and transactions analyzed, respectively.

33. In sum, the omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of Lakeland's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Lakeland will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Lakeland**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Lakeland is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Lakeland within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Lakeland and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Lakeland, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 6, 2023                     **ACOCELLI LAW, PLLC**

By  */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*